USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-9-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

MARIANO MORENO, JR.,

                 Plaintiff,

      - against -

NEW YORK CITY POLICE DEPARTMENT,

                 Defendant.

------------------------------------------------------

**REPORT AND RECOMMENDATION**

10 Civ. 6269 (DAB) (RLE)

**To the HONORABLE DEBORAH A. BATTS, U.S.D.J:**

## I. INTRODUCTION

*Pro se* Plaintiff Mariano Moreno ("Moreno") filed this action against Defendant New York City Police Department ("NYPD") on August 20, 2010, challenging the denial of his application for a license to possess a handgun in his home. (Compl., ¶ II.B.) Moreno alleges that the denial violated his "right to obtain a gun license to further [his] career as a good citizen" and "falsely accused [him] of crimes [he] never committed." (*Id.*) He requests that the Court "clean" his criminal record and seeks monetary compensation of $750,000 for the verbal abuse, emotional abuse, stress, and defamation of character that he has endured. (*Id.*, ¶ V.)

Pending before this Court is NYPD's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. NYPD alleges that the case should be dismissed because Moreno does not raise a valid federal claim in his Complaint. (*See* Defs.' Mem. of Law in Support of Its Motion for Summary Judgment ("Defs.' Mem.") at 7-15.) NYPD further argues that in the absence of a federal claim, this Court should decline to exercise supplemental jurisdiction over any state claim that may be construed from the Complaint. (*Id.* at 15-17.) On the facts as set forth in this record and for the following reasons, the Court recommends that NYPD's motion be **GRANTED**.

## II. BACKGROUND

On May 7, 2008, Moreno applied to the NYPD License Division ("Division") for a "premises/residence handgun license," which authorizes possession of a handgun in the licensee's home. (*See* Decl. of Mary O'Sullivan ("Sullivan Decl."), Ex. B.) Division's investigation of Moreno's application indicated that he had seven domestic incident reports in his NYPD criminal file from March 2007 to October 2008, (*Id.*, Ex. C.), and two complaints against him alleging child abuse and sexual abuse. (*Id.*, Exs. D, E.) On October 15, 2008, a Division investigator interviewed Moreno with regard to his license application and stated in her case summary that: (1) Moreno had seven incident reports on file involving his child's mother; (2) Moreno made a false statement during his interview because he failed to mention the incidents; and (3) based on the false statement and numerous incidents, she recommended that his application be disapproved. (*Id.*, Ex. F.) Subsequently, Division notified Moreno of denial of his application on the grounds that his numerous domestic incidents and false statement "cast doubt on [his] moral character, fitness, and judgment to carry a handgun in New York City." (*Id.*, Ex. G.)

Moreno appealed the Division's denial by letter on November 7, 2008. (*Id.*, Ex. H.). In his appeal, Moreno alleged that, to his knowledge, the only domestic violence incident in his file was one that he filed against his wife for violation of a court visitation order regarding their son. (*Id.*) Accordingly, he did not mention any other domestic incidents during his interview. (*Id.*) Moreno also contested the NYPD's records regarding his arrest history, and alleged he had "never been arrested in [his] life." (*Id.*) Moreover, Moreno claimed that he was seeking a residence handgun license so that he could "obtain [an] armed guard license to further [his]

career and be able to provide for [his] son." (*Id.*) Moreno's appeal was denied by letter on December 23, 2008, on the following grounds: (1) he failed to disclose his domestic incident history and (2) there were two complaints that he sexually abused his children. (*Id.*, Ex. A.)

Subsequently, Moreno filed suit against NYPD, challenging Division's denial of his license application. (*See* Compl.. ¶ II.B.) Although he does not frame his Complaint in Second Amendment terms, NYPD concedes that, because Moreno is a *pro se* claimant, his claim might be "liberally construed as asserting a claim under 42 U.S.C. § 1983 for the deprivation of [his] right under the Second Amendment." (Defs. Mem. at 1.) In response, NYPD filed the pending summary judgment motion, alleging Moreno's Complaint does not contain a cognizable federal claim. (*Id.* at 7-15.) If the motion is granted, the Court must also determine whether supplemental jurisdiction is warranted for any remaining state law claims.

### III. DISCUSSION

#### A. Summary Judgment Standard

Summary judgment should not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the party moving for summary judgment has met its initial burden of showing the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to bring forth specific facts to show that there is a factual question that must be resolved at trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir. 2008). Additionally, the Court is required to construe

the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in its favor. *Anderson*, 477 U.S. at 250; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005).

In considering the motion, the Court's responsibility is not to decide disputed issues of fact, but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party. *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 36-37 (2d Cir. 1994); *see also Holcomb*, 521 F.3d at 137; *Knight v. United States Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986), *cert. denied*, 480 U.S. 932 (1987). Summary judgment should be granted where no reasonable trier of fact could find in favor of the nonmoving party, *H.L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1011 (2d Cir. 1989), thereby "dispos[ing] of meritless claims before becoming entrenched in a frivolous and costly trial." *Donahue v. Windsor Locks Bd. Of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir. 1987).

### B. Moreno's Second Amendment Claim

NYPD alleges that there is no triable issue of fact in this case because Moreno has not raised a cognizable federal claim in his Complaint. (*See* Defs.' Mem. at 7-15.) NYPD further contends that even if the Court were to construe Moreno's claim in Second Amendment terms, Division's denial of his handgun license application, based on Moreno's domestic incident history and false statement, was lawful and did not deprive him of his Second Amendment right to possess a firearm within his home. (*Id.*) In response, Moreno claims that the domestic incidents in his file should not have barred his application because his former wife filed numerous false reports against him and he was told that such incidents would not affect his

application if he were found not guilty. (Pls.' Answer to Defs.' Motion ("Pls.' Answer") at 1.) Similarly, Moreno contends that Division's second Disapproval Notice – which states that Moreno had three prior arrests[1] – was based on a false criminal history because he has never been arrested for a single crime. (*Id.*)

To the extent that Moreno is alleging a violation of his Second Amendment rights, his Complaint does not present a cognizable federal claim. In *District of Columbia v. Heller*, 554 U.S. 570, 595-626, the United States Supreme Court held that the Second Amendment protects an individual right to possess a firearm unconnected with service in a militia, and to use that firearm for traditionally lawful purposes, such as self-defense within the home. Other than the "core" purpose of self-defense, 554 U.S. at 630, neither *Heller* nor post-*Heller* case law has identified additional activities that fall within the scope of "lawful purpose." Accordingly, *Heller* has been narrowly construed, as protecting the individual right to bear arms for the specific purpose of self-defense within the home. *See* 554 U.S. at 595, 628-30; *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3036 (2010) ("in *Heller*, we held that individual self-defense is 'the *central component*[]' of the Second Amendment right.") (emphasis in original).[2] *See also United States v. Barton*, 633 F.3d 168, 170-71 (3d Cir. 2011) ("At the 'core' of the Second Amendment is the right of 'law-abiding, responsible citizens to use arms in defense of hearth and home.'"); *United States v. Masciandaro*, 09 Civ. 4839, 2011 WL 1053618, at *9 (4th Cir. Mar. 24, 2011) (finding that "there now exists a clearly-defined fundamental right to possess firearms for self-defense within the home[,]" but that there remains uncertainty as to the "scope of that

---

[1] *See* Second Notice of Disapproval, Nov. 7. 2008. (Pls.' Answer at 3.)
[2] In *McDonald*, the Court extended this right to the states as a matter of Due Process under the Fourteenth Amendment. *See* 130 S. Ct. at 3050.

right beyond the home"); *United States v. Yancey*, 621 F.3d 681, 683 (7th Cir. 2010) (noting that, under *Heller*, the Second Amendment preserves the individual right to carry weapons in case of confrontation, but is not unlimited); *United States v. Reese*, 627 F.3d 792, 800 (10th Cir. 2010) ("[T]he [*Heller*] Court suggested that the core purpose of the [Second Amendment] right was to allow 'law-abiding, responsible citizens to use arms in defense of hearth and home.'").

Here, Moreno does not seek a residence gun license for the core purpose of self-defense within his home. Rather, he seeks a residence gun license to help him "further [his] career" as an armed guard. (*See* Sullivan Decl., Ex. H.) As such, Moreno's Complaint is facially deficient because it does not implicate his Second Amendment right to bear arms, as articulated in *Heller*. However, even assuming that Moreno asserts a valid claim under *Heller*, his claim lacks merit. The Court noted in *Heller* that the Second Amendment is "not unlimited" and does not "cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." 554 U.S. at 626-27. Accordingly, *Heller* does not constrain the rights of the states to reasonably restrict the possession of handguns through registration and licensing requirements. *See Heller v. District of Columbia* (*Heller II*), 698 F. Supp. 2d 179, 190 (D.D.C. 2010), appeal pending, No. 10-7036 (D.C. Cir.) (noting that "several other courts have upheld registration and licensing requirements in the wake of *Heller*, concluding that because registration requirements only

6

regulate, rather than prohibit[], the possession of firearms, they do not infringe the Second Amendment right.")[3]

Additionally, although federal courts have yet to review New York's licensing laws in light of *Heller*, New York courts have found the regulations in P.L. §§ 265.00 and 400.00 to be constitutional and consistent with *Heller* because they do not "effect a complete ban on handguns," but rather, permit persons who meet the statutory requirements to lawfully possess handguns in their home. *See People v. Nivar*, 915 N.Y.S.2d 801, 805-06 (Sup. Ct. 2011) ("[O]n their face, PL §§ 265.01(1) and 400.00 are constitutional and do not run afoul of *Heller*."); *Perkins*, 880 N.Y.S.2d at 209 (finding that P.L. § 265.00 "does not effect a complete ban on handguns and is, therefore, not a 'severe restriction' improperly infringing upon defendant's Second Amendment rights."); *People v. Abdullah*, 23 Misc.3d 232, 234 (Crim. Ct., Kings County 2008) ("Because New York does not have a complete ban on the possession of handguns in the home . . . *Heller* is distinguishable and its holding does not invalidate New York's gun possession laws or regulations.").[4] Accordingly, so long as Division's denial of Moreno's application comports with New York licensing laws – which regulate, but do not prohibit, firearm possession in the home – this Court finds that the denial is consistent with *Heller* and

---

[3] *See Justice v. Town of Cicero*, 577 F.3d 768, 774 (7th Cir. 2009); *Young v. Hawaii*, 08 Civ. 00540, 2009 WL 874517, at *5 (D. Haw. Apr. 1, 2009); *Williams v. State*, 188 Md. App. 691, 699 (Md. Ct. Spec. App. 2009); *People v. Perkins*, 880 N.Y.S.2d 209, 209 (3d Dep't 2009); *see also United States v. Fincher*, 538 F.3d 868, 874 (8th Cir. 2008) (expressing "doubt that any . . . attack [on the federal firearms registration requirements] would succeed in light of *Heller*").

[4] Challenges to NYPD denials of residence handgun licenses have primarily been in state court, through article 78 proceedings. Within this context, New York courts have found that P.L. § 400 confers "extraordinary power" on the NYPD in issuing gun licenses and that courts must defer to the NYPD's "weighing of evidence and assessments of credibility" when processing such applications. *See Wisotsky v. Kelly*, 23 Misc.3d 1137(A) at *8 (N.Y. Sup. Ct. 2009) (denying petitioner's request, in an article 78 proceeding, to vacate NYPD's denial of his residence handgun application), citing *Sewell v. City of New York*, 583 N.Y.S.2d 255, 259 (1st Dept. 1992). *See also Kozhar v. Kelly*, 882 N.Y.S.2d 399, 400 (1st Dep't 2009) (upholding NYPD's revocation of petitioner's premises handgun license and denial of his carry business pistol license, in an article 78 proceeding, because petitioner failed to notify Division of a domestic incident report and the issuance of temporary orders of protection against him.)

does not infringe upon Moreno's Second Amendment rights. *See Heller II*, 698 F. Supp. 2d at 190.

In New York, Division is responsible for processing handgun license applications, including those for residence handgun licenses. *See* N.Y. Penal Law, § 400.00.[5] In addition to ensuring that an applicant meets the requirements in P.L. § 400.00, Division must conduct an investigation that requires: an assessment of all statements made in the application; an inspection of applicant's mental hygiene records for previous or present mental illness; and an investigation of applicant's criminal record vis-à-vis a fingerprint analysis and a documentation of applicant's physical descriptive data. *See id.*, § 400.00 (4). Licenses may only be granted to individuals that undergo such an investigation, submit a proper application with true statements, and for whom "no good cause exists for denial of the license." *Id.*, § 400.00 (1), (1)(g). Based on the results of the investigation, Division may then reject or deny the application at its discretion. *Id.*, § 400.00 (4)-a.

In Moreno's case, Division's investigation revealed that he had seven domestic incidents in his file,[6] and denied the existence of these incidents during his interview. The existence of these criminal records, combined with Moreno's ostensibly false statement, provided Division with the authority under P.L. § 400.00 to deny his application. *See id.*, § 400.00 (1); (1)(g); (4)-a. Although Moreno alleges that the records of his criminal incidents are based on false

---

[5] Pursuant to Article 400, the "Licensing Officer" is responsible for processing all handgun applications. In New York, the Licensing Officer is the NYPD Police Commissioner, *see* N.Y. Penal Law, § 265.00(10), who has delegated his authority to the Division.

[6] Moreno is the suspect in only two of the seven domestic incidents in his file. In the other five incidents, Moreno filed complaints against his former wife for violating their child-custody arrangement.

accusations, the official records do exist,[7] (Sullivan Decl., Exs. C, D, E.), and are sufficient grounds to justify his denial.[8] *See* N.Y. Penal Law, § 400.00 (1), (1)(g), (4). Moreover, because these were official NYPD records uncovered during a standard investigation, Division neither had reason to doubt their veracity nor was required to do so. *See generally* P.L § 400.00. Thus, because Division's denial of Moreno's residence handgun application complied with the standards enumerated in P.L. § 400.00, the denial is consistent with *Heller* and Moreno's Second Amendment claim is without merit, and I recommend that NYPD's motion for summary judgment be **GRANTED**.

## C. Supplemental Jurisdiction

Where a case is properly before a federal district court on the basis of federal question jurisdiction, the court has supplemental jurisdiction over "all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" *Id.*, § 1367(c)(3). "The Second Circuit has observed . . . that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Milano v. N.Y. City Taxi & Limousine Comm'n*, 2007 U.S. Dist. LEXIS 25238, at *7 (S.D.N.Y. March 26, 2007), citing *Valencia ex rel. Franco v. Lee*, 316 F.3d

---

[7] NYPD has provided the Court with copies of the seven domestic incidents in Moreno's record, Sullivan Decl., Ex. C, and the two child and sexual abuse complaints filed against him, *Id.*, Exs. D, E. However, because NYPD has not provided a record of the three arrests allegedly in his file, the Court did not consider those arrests in deciding this summary judgment motion.

[8] Moreno's demand that his criminal record be expunged is outside the authority of this Court.

299, 305 (2d Cir. 2003) ("In other cases . . . where the federal claims ha[ve] been dismissed at a relatively early stage . . . we have concluded that the exercise of supplemental or pendent jurisdiction was an abuse of discretion.")

In Moreno's case, if the Report and Recommendation is adopted, it will dispose of all federal claims at an early stage of the litigation, as the Parties have yet to commence discovery. Accordingly, to the extent that there are any state law claims to be construed from Moreno's complaint, I recommend that the Court decline to exercise supplemental jurisdiction over such claims. *See Milano*, 2007 U.S. Dist. LEXIS 25238, at *7; *Valencia*, 316 F.3d at 305.

## IV. CONCLUSION

Because Moreno has failed to establish a Second Amendment claim against Division, I recommend that NYPD's motion for summary judgment be **GRANTED**. Moreover, because all federal claims have been disposed of before trial, I recommend that this Court decline to exercise supplemental jurisdiction over any state law claims.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S.

140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam* ); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: May 6, 2011**
**New York, New York**

                                **Respectfully Submitted,**

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

<u>Plaintiff</u>
Mariano Moreno Jr.
227 Broad Street, Apt. # 1
Staten Island, NY 10304

<u>Attorney for Defendant</u>
Mary O'Sullivan
Assistant Corporation Counsel
New York City Law Department
100 Church Street, Room 5-174
New York, NY 10007